The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Thomas M. Harris presiding. Good morning. This first case is case number 4-23-0585. Doe v. Fritch. Counsel, first for the appellant. Counsel, could you identify yourself for the record, please? Yes, Andrew Vela for Andrew Fritch, appellant, and I apologize. I couldn't figure out how to use the background. Okay, not a problem. Counsel for the appellee. Good morning. Jesse Hodirn from Prairie State Legal Services on behalf of the appellee. All right. Thank you. Mr. Vela, you may proceed with your argument. Thank you, Your Honor, and thank you all for your time this morning. Essentially, I had appealed two issues. The first being my argument that summary judgment was not proper, given what was presented to the court. And secondly, that the damages, if summary of judgment were proper, were not supported by the evidence at the prove-up hearing. With regards to summary judgment, I think that's proper when there is no other issue of material fact. And I think, despite what was presented, despite my client's position as far as his response to the discovery and the answers to the complaint, I believe there was still an issue of material fact as far as whether or not my client did, in fact, intentionally disseminate the video in question. And then secondly, if he did, you know, how many times he did disseminate that video, which I think is something to be considered. I think the evidence was that there were some texts back and forth between the parties that could be construed as my client apologizing, which I guess can further be construed as maybe admission, but there were no direct admissions that he had, in fact, posted that video. And I don't believe that there was any evidence presented that any kind of electronic evidence or other evidence that it was, in fact, had to have been my client that posted the video. And even if summary judgment were proper, as far as the damages, I think the only direct damages that were actually proven were that the appellee had paid a company, signed a contract with a company, and paid a company approximately $525 to remove this video from a couple of sites. She had testified that she could be on the hook for more damages, but that was never really proven. She had signed the contract, I believe, approximately three years ago, and these were the only bills that she had received. She testified verbally that she had hired an attorney for a related matter that was related to this video. There's no proof of that. She testified to a number of different statements that were made to her of people that she said that saw this video. That was never really verified. I think that's hearsay. There was no other evidence beyond her own testimony, which I understand can be proper, but there was no other evidence beyond her own testimony of her damages. If she had been in counseling, even if she decided not to disclose her counseling records, there would be bills, there would be evidence she was in counseling. There would be, I believe, some other evidence of these damages that she's claiming. Counsel, do you have any case authority that would support the proposition that damages of that type are not allowed in the absence of direct evidence of the type you're suggesting? Not that they're not allowed, Your Honor. I believe there is case authority that for sizable damages, the court would often look at some other evidence, medical records, counseling records. Again, if she decides not to disclose her counseling records, I understand that, but there would be bills. There was some evidence that she had been in counseling that she had suffered some kind of emotional distress. I believe that the award of $150,000 in emotional distress damages is grossly out of proportion to the actual damages that she showed, that she actually incurred as a result of the... I think that furthermore, that without direct proof of malice by my client, which I understand the court could infer that based on what was presented, if the court believes my client posted the videos in that manner, that could be shown as malice. I think that that's taking a leap without more evidence. I don't think kind of damages are proper. Even if they are, I think, again, another $150,000 is grossly disproportionate to the actual damage to the appellee and also grossly disproportionate to the fine that would be imposed, which is a factor to be considered. If my client were charged and convicted of a similar criminal, the MERS criminal statute, I believe the maximum fine is $25,000. With regards to the punitive damages, you made the note that there was no evidence with regards to your client's finances. My question to you is, do you have any authority, though, that suggests that a punitive damage award would be improper if the court doesn't have that evidence? Isn't that simply one factor for consideration by the court? That is, Your Honor. Yes, I do not have authority that says they cannot be awarded in the absence of some evidence of that. But it is a factor to be considered, and it was not, I don't think, even attempted to be put forth in front of the court. Really, the only factor I think that was presented, the only evidence that was presented, their belief that my client did this in a malicious manner. And I think the record, the texts that are in the record and the emails that are in the record show that there's nothing in there that would show that my client was being malicious. Now, the posts themselves that my client had done that, I think that I would agree that the court can consider that malicious. But the texts and the emails exchanged are kind of show a different story. I mean, it sounds like my client was just trying to interact with this person with the appellees. So I don't think, again, I think as supported by the amount of damages that was requested at the end of the prove-out hearing, which I believe was approximately $35,000. I believe an award of $300,000 with actual damages proven of $525 is grossly out of proportion with what the appellee actually, the damages she actually suffered. That she actually proved. Again, if the only evidence was that these two receipts that she paid for $525 and just her own testimony, which I know couldn't be enough for an award of emotional distress and punitive damages, but I don't believe it supports such an excessive award. And then I don't think as importantly, but I also believe it was not proper to award attorney's fees. And if so, that amount of attorney's fees, and I highlighted the over $3,000 that was billed as far as discovery. This case never went to trial. This case was a couple of motion hearings. I believe that an award of close to $12,500 in attorney's fees for a case that has a couple of motion hearings is excessive. So again, I would just ask this court to, first of all, remand this matter. Just find that there's not been, there is a materialist effect of whether or not my client did upload these videos or if he did, how many times he did, which I think would factor in to an award of damages. And then secondly, if your honor, if your, your honors. Right, right there interrupt you. No, the trial court did not rely upon the adverse inference for the assertion of the privilege against self-incrimination. But as this court's review is de novo, this court could use that adverse inference in supporting a finding that there was no genuine issue of fact as it relates to dissemination as a component of that as well. Couldn't it? Yes. I think there are first go wrong for summary judgment. I don't, I don't think the lower court could could based entirely on that. But yeah, I think taking that in conjunction with what was provided. The fact that your client had requested this video was in possession of the video, and that there were only 2 people when the video was made, and they would have known that it was in the kitchen. And then upon dissemination that information is contained with her name and the location of her home. Correct. I think, yes, I think that that conjunction with my client pleading the 5th. I guess I would say that there's many reasons why people take the 5th, not assuming they're guilty, but I think, yeah, in civil matter. The court could your honors could take that conjunction with what was provided discovery. But I do concede that. So, if, if you in fact find there's no issue, in fact, again, I would ask that, that this be remanded, or that your honors reduce the award. More in line, at least with what the, the plaintiff appellee actually asked for. At the end of the prove up here and I think that's more reasonable I think the statutory damages. If it's just a century, it's $10,000. I think something that a factor of that, not, you know, $300,000 is more appropriate in this, in this kind of case. I think it's. I think it's relevant that it was initially taken consensually. I know that that specifically the statute is not giving them the right to disseminate it. And certainly doesn't give the right to disseminate it in the manner that it was if my client did do that. But I think that's something to consider. I think in the age of the parties, they're, they're both adults. And the fact that, again, there was no other damages proven beyond about $525 that were showing receipts that the plaintiff had paid. I think that given that provable damage, an award of over $300,000 is, is just, it's not proper. So I ask that case either be remanded or that your honors reduce that award. You mentioned several times that the provable damages were only $525. Would you agree, though, that there, there was proof of the contractual obligation for the larger amount? I think potentially, I think it was a bit unclear, but I, I don't, I don't think Matt didn't find that very credible, given the fact that she had, she had signed this contract in 2021. And these payments had not been made, you know, until two or three years after. So I'm assuming either that she did not always, you know, did not owe more, more money to this company. I think, I guess, yeah, at some point, she may be more obligated, but there was no evidence that she was going to be. I mean, I think it's speculative. I guess the court could infer that it's possible she would owe these damages. So that's maybe based an award on that, which I would understand that. But to then also grant $300,000 in damages, over $300,000 in damages with insurance fees, I think is grossly disproportionate to what was actually proven as damages at the time. All right, thank you, Mr. Vela. You'll have time and rebuttal. Mr. Hodia, you may proceed. Thank you, Your Honor, and may it please the court. Again, my name is Jesse Hodia, and I'm appearing on behalf of the appellee, and I'm asking that the court affirm in full the judgment of the trial court. Your Honors, I'd like to go through in a similar order to the way the issues were briefed in the way the counsel for the appellant has addressed them. So the first threshold issue, I suppose, is the entry of summary judgment as to liability. Entry of summary judgment as to liability here was proper because there was no genuine issue of material fact. In essence, what the appellant is arguing here is that there's a factual issue only as to whether or not his client disseminated the video and to the extent to which it was disseminated. The appellant is mistaken, however. There's no issue of genuine issue of material fact even as to that specific topic. In this case, my client alleged specific facts in a verified pleading, explaining and alleging that the appellant was responsible for disseminating this video. As Your Honors pointed out, the appellant, in response, in his answer, asserted his Fifth Amendment privilege against self-incrimination. He did the same in response to discovery, including interrogatories, request to produce, and request to admit. And although he has the right to do so with the advice of counsel, he can't claim now a genuine issue of material fact when he has come forth with no denials and no contravening evidence. In support of summary judgment, in this case, as to liability, my client provided, which the trial court specifically noted, a very detailed affidavit with supporting documentation. That included corroborating evidence, including screenshots, text messages, photographs, and more. On the other hand, the appellant provided no counter affidavit, no evidence to dispute summary judgment, even as he argues now, claiming there's an issue of fact as to whether his client disseminated the video. It's well settled that a party can't merely rely on their denials and their pleadings to create a genuine issue of material fact to survive summary judgment. And also that the allegations and the facts in an affidavit in support of summary judgment must be taken as true for purposes of that motion in the absence of any counter affidavit. So, you know, although the appellant argues that there's no clear admission or that there's no definitive proof that his client had posted the video and disseminated the video, that's really not the proper standard either. The trial court, based on the allegations, based on the supporting documentation, and based on my client's testimony, determined by a preponderance of the evidence, and in fact stated that my client had more than amply established by a preponderance of the evidence, that indeed the appellant had disseminated the videos. And so it was not even necessary at the trial court level for the court to construe his Fifth Amendment assertion as additional evidence against him because of the evidence and the materials that my client had come forth with far exceeded or carried her burden. And so at this point, I don't think there's any genuine issue as to liability and summary judgment was entered properly as to that issue. Secondly, as it relates to damages, the award of compensatory damages in this case was also appropriate. I think it's important to note that the standard of review for the entry of damages is manifest weight of the evidence, and that would require the appellant to show that all reasonable persons would agree the amount is excessive, and that's not the case here. My client testified, as the trial court noted, very credibly and powerfully about the damages that she had suffered. The statute in question here specifically allows emotional distress damages, regardless of whether it is accompanied by any other actual damage. And although my client did suffer pecuniary out-of-pocket damages in the form of a contract that she's obligated to pay a company $4,250 to remove these videos, she also testified that she had to hire an attorney for a related issue in Wisconsin. But the lion's share of the damages here, which is understandable, and which the trial court even specifically laid out and said is understandable, and the General Assembly specifically carved out to explicitly outline that emotional distress damages are available regardless of other accompanying actual damages. What I heard the counsel for the appellant say numerous times is that the only damages that were actually suffered were the couple hundred dollars that she had to pay or that she has contributed towards this contractual obligation, or the only damages that were actually proven were these out-of-pocket financial damages, and that's not true. Again, trial court found my client's testimony to be very credible and powerful about her emotional distress damages. What the appellant is asking here is that, in essence, her testimony about her own emotional distress damages be disregarded or discounted as not sufficient evidence to prove an appropriate amount of compensation. That's not what the law is. In Illinois, the Illinois Supreme Court has already ruled that there's no additional testimony, there's no additional evidence required to prove emotional distress damages beyond my client's own testimony. And that's from the case of Thornton v. Garcini. In that case, it involved a wrongful death and negligent infliction of emotional distress. That case, the jury award for emotional damages was $700,000, and that was based on the testimony of the plaintiff alone. Mr. Hodian, may I interrupt you for a moment? How much was requested at the hearing on damages, specifically as to emotional distress? In this case, Your Honor, when asked, I believe I said $30,000 exclusive of punitive damages. And there's two reasons for that. One, this statute is relatively new, and so it was difficult to find any comparable case law at that time. But secondly, my measure of damages really contemplated perhaps a higher punitive damage award. Approximately 1 to 10 ratio of compensatory and punitive damages, I think, would be constitutionally appropriate. And so I think even with my remark on the record when pressed by the trial court of $30,000 exclusive of punitive damages shouldn't bind my client to a dollar amount. And the trial court specifically addressed that when making her ruling that I think something along the lines of, no offense, Mr. Hodian, but I think you certainly had a low estimate of what the appropriate damage amount would be. And so my measure of damages at that point, $30,000 exclusive of punitives was, I think, the statement on the record. Your Honor, thank you. But thankfully, I'm not the judge, and the trial court, in listening to my client's credible testimony, heard my client testify about all the ways and all the manners that this had impacted her life. And my client testified very credibly, again, about being suicidal, about the fear that she would meet somebody in the community and never know going forward whether or not they had seen these videos. And so after listening to that testimony, I think it's difficult to say that the amount is excessive and that the General Assembly specifically allowed for emotional distress damages for these kinds of cases, I think, is also very important to consider. Because they might often have a very high emotional component and a very low, frankly, out-of-pocket component. My client here did provide evidence that she has a contractual obligation of $4,200 approximately. But that is, in really many ways, just the tip of the iceberg of the actual damages that she has suffered. And so although the appellant is claiming that the only damages suffered were the out-of-pocket damages, I think it's very important not to discount the severe emotional impact that this kind of behavior and this kind of conduct imposes on people in a similar circumstance to my client and my client specifically. The trial court did a very good job, I think, in outlining the reasons why this dollar figure was appropriate and statements along the lines of, you know, it's hard to really overstate the harm that has been suffered here. Once something is put out online, it could crop up again at any point. And so in a lot of ways, what my client suffered was a permanent damage. My client testified about waking up in the middle of the night, still years later, having to Google her name to make sure that these videos have not cropped up again. And so based on my client's credible testimony and based on the Illinois Supreme Court precedent, that testimony is sufficient to support an award of emotional damages. And the amount of $150,000 should be affirmed as it relates to those damages. But regarding punitive damages, the statute, again, specifically authorizes punitive damages and for good reason. This kind of conduct was intentional in this case. The trial court explained why it had found that this was intentional, and that was largely due to the fact that there had been a disagreement between the parties on one day, January 3rd, 2021, and that the next day, January 4th, 2021, this video had been reposted. That was sufficient corroborating circumstantial evidence to suggest that this was done in retaliation to humiliate my client. That, coupled with the fact that the video was posted that day with her first and last name, with the location, city, and state where she lives, and that she's a single mother, it was done to intimidate my client. All of those things, the trial court cited in explaining that the conduct in this case was egregious enough to warrant punitive damages. Again, the amount of punitive damages in this case was simply a one-to-one ratio. I don't think it can be very credibly argued that this is grossly excessive or in violation of the due process clause of the 14th Amendment when other ratios far exceeding one-to-one have been upheld. Your Honors, to address one specific question that came up, the question about financial information of the appellant not being provided to the trial court, which the trial court did specifically acknowledge was not reviewed because it was not provided. But in my brief, I cited to the case of Deal v. Byford, which again is an Illinois Supreme Court decision, where the court explained that evidence regarding financial status of a defendant is simply one of the relevant considerations to be weighed by the judge or the jury in determining an appropriate punitive damages amount. And in that case, it was absent. The court said the plaintiff is not required to present such evidence and the defendants made no attempts on their own to do so. And so the defendants could not then on appeal complain about the absence of financial information. And that's similar to what happened here. We never got to the discovery of financial information and that was not provided by me at the trial court level. However, as that is not part of the record at this point and the defendant made no attempt to provide that information, it can't now be complained as a basis to undo the punitive damage award under the Deal v. Byford case. Your Honors, in essence, I think to summarize this case, the appellant is asking for additional evidence, an additional burden of proof that is not necessary, claiming a genuine issue of material fact when coming forth with no contravening evidence or counter affidavit at summary judgment. It does not create a genuine issue of material fact. There was no affirmative defense. There was no genuine issue of material fact as to liability. My client met her burden of proof amply, as the trial court said, beyond preponderance of the evidence. And then as it relates to damages, the appellant is asking that additional evidence be provided beyond her own testimony regarding emotional distress damages, which is contrary to Illinois Supreme Court case law. Lastly, I would like to just address the attorney's fees. The attorney's fees in this case were appropriate and again are reviewed on an abuse of discretion standard. This case may have been resolved pretty quickly through summary judgment and a short hearing about emotional distress damages. However, it was still fairly complicated in that it involved a new area of law, but also some complicated civil procedure involving discovery, protective orders, some discovery disputes in regard to mental health records. And so it wasn't necessarily just run-of-the-mill summary judgment. There's an affidavit I provided at the trial court in support of attorney's fees, and I think that we are entitled to the full amount. Your Honors, for the reasons I've stated and for the reasons provided in my brief, we ask that the court affirm and fold the trial court's decision. All right. Thank you. Mr. Vella, rebuttal argument? Yes, Your Honor. Thank you. I would just say I disagree that there is any evidence that would show that my client, if my client had posted these videos, that it was done in retaliation. I think that the texts are, and again, if the plaintiff believed that my client posted these videos, I can understand her anger. But I believe that the texts provided show mostly that the appellee-slash-plaintiff was, again, potentially understandably angry at my client. My client was apologetic, and I believe that the emails that were shown before, there would be no evidence that my client would be posting these videos that he did in retaliation for any kind of slight by the plaintiff. And in their brief, and I think in also her affidavit, she claims that she had initially discovered that the video had been initially posted, you know, approximately 10 months prior to when this altercation by email had occurred. So I don't, again, I think if Your Honor is too inclined, there's no material issue. In fact, I think that goes towards the issue of punitive damages. This allegation that my client potentially posted these videos in retaliation for something like this, maybe he was slighted or that he wasn't able to talk to the plaintiff. I don't think there's evidence of that. And I don't, I didn't mean to argue that the plaintiff had presented no evidence of emotional stress. I, you know, I think she did, but I think a lot of the more egregious facts that she attempted to prove were based on hearsay. I think she argued, you know, she made comments about things that her parents said to her, which I believe is hearsay. I think she made comments about this lawsuit that could be proven other ways. I think there's more evidence she could have presented to that would justify this large amount of reward. And I think it's conceded by her own counsel and the fact that, again, I don't think it being a new statute has any bearing on how much you would ask for an award. I mean, I think $30,000 is more in line with something that would be reasonable based on the actual monetary damages that she's incurred so far and the evidence that was presented. I can see that it can be based solely on her own testimony, but I think for an award of that amount, I believe it would have to be supported or be better supported by some other evidence, which I think if I think there will be other evidence, I think there will be some other witness that would be able to corroborate some of these things. I think there'd be, again, there'd be evidence that this lawsuit was filed, that she had to file this lawsuit, or I'd pay an attorney. There'd be something beyond her, just her own testimony. And I think a lot of the damages evidence is based on, again, things she said people told her or things she said that people, someone said that someone else said something. I believe that's not admissible. It was a prove-up hearing, a damages hearing, but I still think the rules of evidence apply, so I would ask that this court review this, regard those hearsay statements. So, if your honors do find there's no material issue of fact, again, I would ask that the damages, the actual damages, and if awarded punitive damages be reduced to be more in line with what the statutory penalty provides. And what her actual out-of-pocket damages thus far have been. Thank you. All right. Thank you, Mr. Vela. Thank you both. The court will take the case under advisement and will issue a written decision.